1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10                                  ----oo0oo----

11

12

RICARDO RODRIGUEZ GAMA,              CIV. NO. 2:13-2162 WBS KJN

13
                 Plaintiff,
14
        v.                           MEMORANDUM AND ORDER RE:
15                                   MOTION TO DISMISS
KATHY A. BARAN, Director, U.S.
16  Citizenship and Immigration
    Services, California Service
17  Center; LORI SCIALABBA, Acting
    Director, Bureau of Citizenship
18  and Immigration Services, U.S.
    Dept. of Homeland Security; JEH
19  CHARLES JOHNSON, U.S. Secretary
    of Homeland Security; ERIC H.
20  HOLDER, JR., U.S. Attorney
    General; JAMES COMEY, Director,
21  Federal Bureau of Investigation,

22               Defendants.

23

24                                  ----oo0oo----

25
             Plaintiff Ricardo Rodriguez Gama brought this action
26
    against defendants[1] arising out of the termination of his
27  _____
            [1]   By operation of Federal Rule of Civil Procedure 25(d),
28  defendants Lori Scialabba, Jeh Charles Johnson, and James Comey

                                      1

consideration for Deferred Action for Childhood Arrivals ("DACA")
by USCIS. Defendants now move to dismiss plaintiff's Complaint
for lack of subject matter jurisdiction under Federal Rule of
Civil Procedure 12(b)(1) and for failure to state a claim under
Rule 12(b)(6).

I.   <u>Factual Background</u>

        The material facts in this matter are largely
undisputed.  Plaintiff, a Mexican national, entered the United
States without inspection in 1994 at the age of five.  (Compl. ¶¶
2, 22 (Docket No. 2); Certified Administrative Record ("CAR") at
47.)  He attended school in the United States and completed high
school in 2009.  (Compl. ¶ 22.)

        On May 24, 2011, plaintiff was convicted of possession
of a controlled substance in violation of California Health &
Safety Code section 11350.  (<u>Id.</u> ¶ 3.)  He received an entry of
deferred judgment on this conviction after he completed a
diversion program for individuals convicted of controlled
substance possession offenses.  (<u>Id.</u> ¶¶ 3, 23-24, Ex. 1.)  While
plaintiff was in custody, immigration officers created a Record
of Deportable/Inadmissible Alien, which alleges that plaintiff
admitted his membership in a criminal street gang and exhibited a
number of gang-related tattoos.  (CAR at 52-54.)  Plaintiff now
disputes that he is a gang member.

        U.S. Immigration and Customs Enforcement ("ICE") placed

_____

have been substituted for defendants Alejandro Mayorkas, Janet
Napolitano, and Robert S. Mueller, III, as USCIS Acting Director,
Secretary of Homeland Security, and Director of the Federal
Bureau of Investigation, respectively.  (Docket No. 18.)

plaintiff in removal proceedings on June 9, 2011.  (Compl. ¶ 4.)
He was released on a $5,000 bond pending a hearing before an
immigration judge.  (Id. Ex. 2; CAR at 50.)

In a June 15, 2012 memorandum, former Secretary of
Homeland Security Janet Napolitano announced the DACA program, in
which the Department of Homeland Security ("DHS") would exercise
its prosecutorial discretion to focus enforcement efforts away
from low priority cases, including individuals who came to the
United States as children.  (Id. Ex. 10 ("Napolitano
Directive").)  The memorandum listed a number of criteria that
"should be satisfied before an individual is considered for an
exercise of prosecutorial discretion," including that the
individual came to the United States under the age of sixteen,
has continually resided in the United States for at least five
years, is currently in school or has graduated from high school,
does not pose a threat to national security or public safety, and
is not above the age of thirty.  (Id.)

On September 24, 2012, plaintiff submitted a request
for DACA consideration and subsequently moved for administrative
closure of his removal proceedings on May 14, 2013.  (Compl. ¶¶
6-7.)  On May 28, 2013, plaintiff received notice that USCIS had
approved his DACA application.  (Id. ¶¶ 10, 26, Ex. 8.)

ICE opposed plaintiff's motion to administratively
close his removal proceedings on the basis that plaintiff was an
admitted gang member with a criminal history.  (Id. ¶ 8, Ex. 6.)
However, an immigration judge granted plaintiff's motion on July
10, 2013, citing in part plaintiff's approved DACA application.

(Id. ¶ 9, Ex. 7.)  On July 17, 2013, plaintiff received a letter from Baran stating that, because "USCIS has determined that exercising prosecutorial discretion in your case is not consistent with the Department of Homeland Security's enforcement priorities," plaintiff's consideration of deferred action had been terminated.  (Id. ¶ 27, Ex. 9.)

Plaintiff filed his Complaint in this case on October 17, 2013, alleging that USCIS terminated his DACA application arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), and seeking declaratory relief and an injunction preventing USCIS from denying his DACA application.  (Id. ¶¶ 29, 35.)  On March 17, 2014, defendants filed the present motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  (Docket No. 10.)

II.      Discussion

Rule 12(b)(1) authorizes a court to dismiss an action over which it lacks subject matter jurisdiction.  When a party challenges the court's jurisdiction, the party invoking its jurisdiction bears the burden of proving that jurisdiction exists.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 376 (1994); Tosco Corp. v. Cmtys. For a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001), abrogated on other grounds by Hertz Corp. v. Friend, 559 U.S. 77 (2010).  In the immigration context, both the Supreme Court and the Ninth Circuit have emphasized that courts "should construe narrowly restrictions on jurisdiction." Montero-Martinez v. Ashcroft, 277 F.3d 1137, 1141 (9th Cir. 2002)

4

(citing <u>Reno v. Am.-Arab Anti-Discrimination Comm.</u>, 525 U.S. 471, 482-83 (1999)).

The parties appear to agree that the court lacks jurisdiction to consider DACA eligibility under 8 U.S.C. § 1252(g),[2] which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g); <u>see also</u> <u>Fabian-Lopez v. Holder</u>, 540 Fed. App'x 760, 761 n.2 (9th Cir. 2013) ("We lack jurisdiction to consider whether Fabian-Lopez is eligible for consideration for Deferred Action for Childhood Arrivals.").

Plaintiff now contends that § 1252(g) does not apply to his claim, however, because he does not seek judicial determination of his eligibility for DACA.  He now claims he objects only to USCIS reversing its decision without giving him an opportunity to respond, in alleged violation of its own procedures.

The court need not resolve the question of whether § 1252(g) also applies to procedural challenges arising from DACA because plaintiff's Complaint makes no such procedural challenge. As alleged, the Complaint does not even mention the supposed procedural defects but instead seeks victory on the merits--he

---

[2]  Plaintiff's counsel appeared to concede this issue both at oral argument and in his opposition brief.  (<u>See</u> Pl.'s Opp'n at 3:3-4 (Docket No. 13) ("Defendants assert that district courts lack jurisdiction to consider DACA eligibility.  We concur.").)

asks that the court enjoin USCIS from denying his DACA application and order that the application be approved. (See, e.g., Compl. ¶¶ 1, 35 (stating that plaintiff seeks review of defendants' denial of his DACA application and "an order that his application be approved").)  Judicial determination of DACA eligibility is precisely what plaintiff pursues in his Complaint and, under Fabian-Lopez, § 1252(g) divests the court of jurisdiction to hear this claim.

At oral argument, counsel for plaintiff appeared to concede that § 1252(g) barred the relief sought in the Complaint, but suggested that he intends to amend his Complaint to state a procedural due process claim seeking an opportunity for plaintiff to respond to the denial of his DACA consideration.  Because § 1252(g) bars the court from considering plaintiff's claims as alleged, the court must grant defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction.  If plaintiff wants the court to consider remanding this matter to the defendants based upon an alleged due process violation, he will have to amend his Complaint to properly make that request.

IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED without prejudice.

Plaintiff has 21 days from the date this Order is signed to file an amended complaint, if he can do so consistent with this Order.

Dated:  April 22, 2014

_William B. Shubb_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6